**913-15**

Clerk                                    Oct. 19, 2015
Court of Criminal Appeals
P. O. Box 12308, Capitol Station
Austin, Texas    78711

ORIGINAL

RE: COA No. 08-13-00337-CR; David
Lee Kelley v. The State of Texas; Tr. Ct.
No. CR-12456 ; Appealed From The 355th
Judicial District Court - Hood County,
Texas

FILED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 26 2015

Abel Acosta, Clerk

Dear Clerk:

    Please find enclosed eight page
petition for discretionary review, in
regards to the above-referenced num-
bered and styled Case Nos...

    Please file this with the Court for
a written ruling and order.

    I appreciate your time and assist-
ance.

      Respectfully,

      R.L. Kelley

    David Lee Kelley, # 1886975
    J. V. Allred Unit
    2101 FM 369 N.
    Iowa Park, TX. 76367-6599

cc: file
mr. robert t. christian, district attorney

No. _____

In The Court of Criminal Appeals
Austin, Texas

David Lee Kelley
Defendant - Appellant

vs.

The State of Texas
Plaintiff - Appellee

Review Sought From The Court of Appeals
No. 08-13-00337-CR

Appealed From The 355th Judicial
District Court - Hood County, Texas
Cause No. CR 12456

Appellant's Petition For Discretionary
Review

Mr. David Lee Kelley, Pro se
TDCJ # 1886975
J. V. Allred Unit
2101 Fm 369 N.
Iowa Park, Texas
76367-6599

# Table of Contents

Index of Authorities      2 - 2 (c)

Statement of Jurisdiction      3

Statement Regarding oral
Argument      3 - 4

Statement of the Case      4

Procedural History      4

Appellant's Ground For Review:
The trial court erred by allowing in-
admissible hearsay linking Appellant to
distribution of narcotics, over trial counsel's
repeated objections.      5 - 15

Prayer For Relief      16 - 17

Certificate of service      17

# Index of Authorities

State Cases:                                                        Page(s):

Birchfield v. ~~State~~ Texarkana mem'l
Hosp., 747 S.W.2d 361, 365
(Tex. 1987).                                                          8

Castillo v. State, 771 S.W.2d 239,
241 (Tex. App. - San Antonio 1989)                                   10

Clewis v. State, 922 S.W.2d 126
(Tex. Cr. App. 1996)                                                 10

Conroy v. State, 843 S.W.2d 67,
71 (Tex. App. - Houston [1st Dist.] 1992,
no pet.)                                                              8

Escovedo v. State, 934 S.W.2d 145,
146 (Tex. Cr. App. 1996)                                              9

Hammock v. State, 211 S.W.3d 874,
877 (Tex. App. - Texarkana 2006)                                     14

Langham v. State, 305 S.W.3d 568

Tex. Crim. App. 2010)                    7

Lincoln v. State, 999 S.W.2d 806,
809 (Tex. App. – Austin 1999)        12

McGraw v. Maris, 828 S.W.2d 756,
757 (Tex. 1992)                    7

Moore v. State, 54 S.W.3d 529, 538
(Tex. App. – Fort Worth 2001)        10

Moss v. State, 850 S.W.2d 788
(Tex. App. – Houston [14th Dist.] 1993,
pet. ref'd)                    9

Poindexter v. State, 153 S.W.3d 402
(Tex. Crim. App. 2005)                7

Reese v. State, 877 S.W.2d 328, 331-
332 (Tex. Cc. App. 1994)            12

Sanchez v. State, 182 S.W.3d 34,
58 (Tex. App. – San Antonio 2005)    13

Saunders v. State, 817 S.W.2d 688,
690 (Tex. Crm App. 1991)            13

Schleuter v. City of Ft. Worth, 947 S.w.2d 920, 930 (Tex. App. - Fort Worth 1997, pet. denied)    8

State v. Bhat, 127 S.w.3d 435, 436 (Tex. App. - Dallas 2004)    9

Stone v. State, 823 S.w.2d 375 (Tex. App. - Austin 1992, pet. ref'd as untimely filed)    10

Wheeler v. State, 952 S.w.2d 603, 604 (Tex. App. - Austin 1997)    10

## State Statutes:

§ 481.112, Health & Safety Code    3
TRAP    68.2    3
TRAP    68.4 (c)    4
TRAP    68.4 (e)    4
TRE    801    7
TRE    802    7
TRE    803    8
TRE    806    8
Sec. 6.01, Penal Code    8

## State Constitution:

| | |
|---|---|
| Tex. Const. art. I, § 10 | 11 |
| Tex. Const. art. I, § 13 | 15 |

## Federal Constitution:

| | |
|---|---|
| U.S. Const. X. I | 11 |
| U.S. Const. ~~XXX~~ VIII | 15 |

## Federal Cases:

| | |
|---|---|
| Ferrell v. Estelle, 568 F.2d 1128, 1132 (5th Cir. 1978) | 11-12 |
| U.S. v. Jordan, 49 F.3d 152, 155 (5th Cir. 1995) | 15 |

## U.S. Supreme Court Cases:

| | |
|---|---|
| Crawford v. Washington, 541 U.S. 36, 42 (2004) | 11 |
| Davis v. Washington, 547 U.S. 813 (2006) | 7 |
| In re Winship, 397 U.S. 358 (1970) | 9 |

## Statement of Jurisdiction

Appellant was charged with the offenses of (in a two count indictment) ~~distribution~~ ~~unlawful~~ ~~knowingly~~ knowingly[DLK] possession of controlled substance over 4 grams with intent to deliver (§ 481.112, Health & Safety Code). Appellant was convicted of possession of controlled substance over 4 grams with intent to deliver, and was sentenced to punishment of 99 years and no fine on each, on October 10, 2013. A motion for new trial was filed on October 11, 2013. Notice of appeal was given on October 11, 2013. The Court of Appeals affirmed Appellant's conviction on June 18th, 2015. No motion for rehearing was filed. This court has jurisdiction pursuant to Tex. R App. P. 68.2 (Vernon Pam. 2000).

## Statement Regarding Oral Argument

The issues raised herein raise significant legal issues affecting Texas juri-

sprudence. Appellant anticipates that oral argument would assist this Court in rendering a just decision. Tex. R. App. P. 68.4 (c).

## Statement of the Case

This appeal lies from Appellant's felony jury trial and conviction. All issues brought forward were developed in the trial court.

## Procedural History

Appellant raised each and every ground for review in the Court of Appeals. The Court considered each ground on the merits, and decided the same adversely to Appellant. The Court of Appeals rendered its judgment on June 18th, 2015. No motion for rehearing was filed. Tex. R. App. P. Ann. 68.4 (e) (Vernon Pam.2000).

## Appellant's Ground For Review

### The Trial Court Erred By Allowing Inadmissible Hearsay Linking Appellant To Distribution Of Narcotics, Over Trial Counsel's Repeated Objection

The trial court wholly and clearly committed reversible error by allowing inadmissible hearsay testimony from two witnesses, that were investigators Mr. Ray Miller and Mr. William Watts, who were not the actual concerned citizen nor the informant, who allegedly had made calls-in reporting that one "cowboy" whose name is David lee Kelley was selling drugs at his residence on March 5th, 2013, on Billy June Street in Montego Bay.

From a review (complete) of all available records, transcripts included, there's absolutely no report/document whereby

there's a personal interview with any concerned citizen nor the informant (name unknown (unidentified), nor with any other possible witness as Denise Catino or a male named Robert; the landlord or the drug dealer mentioned at trial.

By no testimony of the actual witnesses or possible witnesses, but by only two per se witnesses, mr. miller and mr. Watts, who only received information from two unidentified alleged witnesses, constituting hearsay, by the totality of such testimony mr. David lee Kelley was assessed punishment of 99 years an each count, ran concurrent, and no fine.

## Reasons For Granting This Petition

Hearsay. "Hearsay" is a statement,

other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801. "Out-of-court statements are not hearsay if offered for a purpose other than to prove the truth of the matter asserted." McGraw v. Maris, 828 S.W.2d 756, 757 (Tex. 1992); Langham v. State, 305 S.W.3d 568 (Tex. Crim. App. 2010); Poindexter v. State, 153 S.W.3d 402 (Tex. Crim. App. 2005); Davis v. Washington, 547 U.S. 813 (2006).

Hearsay is not admissible except as provided by statute or these rules or by other rules prescribed pursuant to statutory authority. Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. Tex. R. Evid. 802. "Ordinarily an expert witness should not be permitted to recount a hearsay conversation with a third ~~party~~ person, even if that conversation forms part of the

basis of his opinion." Birchfield v. Texarkana Mem'l Hosp., 747 S.W.2d 361, 365 (Tex. 1987). "[D] timely objected to admission of the affidavits as hearsay [but the] court overruled the objection .... Admission of these out-of-court statements without a showing that the declarants were unavailable or that a hearsay exception applied was error." Schleuter v. City of Ft. Worth, 947 S.W.2d 920, 930 (Tex. App. - Fort Worth 1997, pet. denied).

At appellant's trial, held from Oct. 7th-to-10th, 2013, there was never entered into the exhibits any witness affidavit(s). Not one! Tex. R. Evid. 803, 806.

A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Section 6.01, Penal Code. Conroy v. State, 843 S.W.2d 67, 71 (Tex. App. - Houston [1st Dist.] 1992, no pet.) (a person engages in voluntary conduct for purposes of imposing criminal sanctions when

Page 8 of 17

conduct includes voluntary act and its accompanying mental state irrespective of whether such conduct includes an involuntary act as well); Moss v. State, 850 S.W.2d 788 (Tex. App. - Houston [14th Dist.] 1993, pet. ref'd) (evidence must show the defendant committed voluntary act with the requisite culpable mental state); In re Winship, 397 U.S. 358 (1970) (federal constitution requires proof beyond reasonable doubt of each element of offense charged).

When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (cites omitted). State v. Bhat, 127 S.W.3d 435, 436 (Tex. App. - Dallas 2004). In Escovedo v. State, Honorable JUSTICE BAIRD, dissenting, stated

2. 934 S.W.2d 145, 146 (Tex. App.-Dallas Tex. Cr. App. 1996).

that:

In Clewis v. State, 922 S.W.2d 126 (Tex. Cr. App. 1996), we held the Texas constitution permits factually sufficiency challenges and we adoped the standard of review announced in Stone v. State, 823 S.W.2d 375 (Tex. App. - Austin 1992, pet. ref'd as untimely filed); Wheeler v. State, 952 S.W.2d 603, 604 (Tex. App. - Austin 1997).]

Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and prepanderance of the available evidence. Moore v. State, 54 S.W.3d 529, 538 (Tex App. - Fort Worth 2001). Proot that amounts only to a strong suspician or mere probability of guilt is insufficient to support a conviction. (cites omitted). Castillo v. State, 771 S.W.2d 239, 241 (Tex. App. - San Antonio (1989).

The U.S. Constitution and Texas Constitution (both) protect the right of an accused to be "confronted with the witnesses against him" at trial. U.S. Const. amend. XI; Tex. Const. art. I, § 10; Crawford v. Washington, 541 U.S. 36, 42 (2004).

The trial court committed reversible error by permitting, after objection by trial counsel, inadmissible hearsay testimony from two investigators, and by, allowing those witnesses who allegedly reported observation of appellant, that to two investigators; not present in the court "to present testimony against him."

"The Constitution requires that defendant sufficiently understand the proceedings against him to be able to assist in his own defense. Ensuring that the defendant has that minimum understanding is primarily the task of the trial judge." Ferrell v. Estelle, 568 F.2d 1128,

1132 (5th Cir. 1978). A old defendants failure to object or request relief does not waive his confrontation right if it is apparent that he cannot hear or understand the proceedings. Id. at 637-39. Lincoln v. State, 999 S.W.2d 806, 809 (Tex. App. - Austin 1999).

The protection of due process comes into play only when the government activity in question violates some protected right of the defendant. (cite omitted). Due process condemns convictions brought about by methods that offend "a sense of justice," "shocks the conscience," or run counter to the "decencies of civilized conduct." (cite omitted). Reese v. State, 877 S.W.2d 328, 331-332 (Tex. Cr. App. 1994).

Regarding specifically, appellant's failure to object to the fact of the purported witnesses against him, "to be confronted by them at trial", the appell-

ate court, argued in its ruling that "[B]e-cause a hearsay objection is not sufficien-tly specific to encompass a confrontation complaint, Kelley has failed to preserve his for appellate review.[1] (footnote omitted)".

In _Saunders v. State_, 817 S.W.2d 688, 690 (Tex. Cr. App. 1991), the Court Stated that "..., whether we search for "some error" preserved by objection at trial or for "egregious error" urged for the first time on appeal, our approach to an ass-essment of its harmful impact is the same." Texas courts of appeals may en-tertain unassigned error. (cites omitted. _Sanchez v. State_, 182 S.W.3d 34, 58 (Tex. App.- San Antonio 2005). The con-ceptual and Constitutional underpinning for this authority has been discussed a num-ber of times over the last century - and has been recently utilized directly by sev-eral of the courts of appeals, which have reiterated the usefulness of that authority

in situations where the cause of justice - and thus the reputation and believability of the judicial system - would be severely damaged without the reasoned application of that search for justice, rather than a mere search for support for criminal convictions. (cites omitted). Hammock v. State, 211 S.W.3d 874, 877 (Tex. App. - Texarkana 2006).

## CONCLUSION

We have an convicted inmate David Lee Kelley presently serving an concurrent 99 year sentence. Which was based in whole or in part on, permitted by the trial court inadmissible hearsay testimony of two investigators, who testified to what allegedly an concerned citizen called-in and reported, and that an informant called-in and reported. But, we'll never know what they allegedly stated that they'd

Page 14 of 17

allegedly observed that day of march 5th, 2013; The two investigators who immediately went to the scene never observed appellant doing anything than "doing something inside a vehicle". That's all! Appellant was denied a fundamental Constitutional right of confronting the witnesses against him.

The appellate courts, including the Texas Court of Criminal Appeals, has the honor, the obligation and duty to review an known or shown injustice and to render justice.

"Justice must satisfy the appearance of justice." (cite omitted). U.S. v. Jordan, 49 F.3d 152, 155 (5th Cir. 1995). Otherwise an gross miscarriage of justice will issue, resulting in the unconstitutional and illegal incarceration of appellant for an 99 year term. Thereby, constituting "cruel and unusual punishment" which is wholly forbidden by Art. I, Section 13, Texas Constitution and 8th Amendment,

U.S. Constitution.

This Court should grant Appellant's petition for discretionary review on this issue ground(s), and order a full brief on the merits. In the alternative, this Court should summarily grant this petition, determine that a fact and legal issues did exist as to inadmissible hearsay testimony presented at OLL trial, and that appellant was not confronted by witnesses against him at trial, and reverse and remand to the Court of Appeals for further consideration.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant, acting pro se, respectfully prays this Honorable Court to consider the ground(s) for review raised herein, to grant this petition for discretionary review, and to order a full and complete hearing on the merits and with briefs. And, to any and all other relief

for which he may be legally entitled.

Respectfully,

Roy E. addicks Jr.

Roy E. Addicks, Jr. # 861070,
Pro Se, For:

D. Kelly

David Lee Kelley, # 1886975, Pro Se
J. V. Allred Unit
2101 FM 389 N.
Iowa Park, TX.
76367-6599

Certificate of Service

I hereby certify that a true and correct copy of this document was served on Robert T. Christian, District Attorney/Hood County - 1200 W. Pearl St. - Granbury, TX. 76048, by postage - prepaid first-class mail, on Oct. 19, 2015.

D. Kelly

David L. Kelley, # 1886975, Pro Se

cc: file

Page 17 of 17

David Kelley 1866975
JA.Unit 4F-21B S
2101 Fm 369 n.
Iowa Park, TX. 76367

(Legal)

Court of Criminal Appeals of Texas
P.O. Box 12308, Capital Station
Austin, TX.